UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMILY DOMINGUEZ,

                Plaintiff,

        -v-

THOMAS E. WALSH II, *et al.*,

                Defendants.

No. 22-CV-6443 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff, proceeding pro se, filed her Complaint on July 29, 2022 alleging Defendants violated her Constitutional rights. (Compl. (Dkt. 1).) Plaintiff filed an Amended Complaint on September 7, 2022. (Am. Compl. (Dkt. No. 12).) On November 4, 2022, Defendants filed their Motion To Dismiss. (Not. of Mot. (Dkt. No. 15).) After requesting and receiving several extensions, (Dkt. Nos. 18–21), Plaintiff submitted her opposition papers ("Opposition") on January 17, 2023, which requested to dismiss and add Parties and causes of action and to add a significant number of new factual allegations. (*See generally* Pl's Opp'n (Dkt. No. 22).) In her Opposition, Plaintiff requested that "the Court grant Plaintiff leave to amend the [C]omplaint to add any new facts from this brief into an [A]mended [C]omplaint and to clarify which federal law claims Plaintiff intends to pursue against which Defendants." (*Id.* at 2.) Defendants have opposed this request, arguing that the Court should deny "Plaintiff's informal, procedurally defective request for leave to yet again amend her pleading." (Defs' Reply 6 (Dkt. No. 25).)

I. Discussion

A. Standard

    "Under Rule 15(a), where a party cannot amend as a matter of course, '[a] party may amend its pleading only with the opposing party's written consent or the court's leave,' however,

'[t]he court should freely give leave when justice so requires.'" *Falls v. Pitt*, No. 16-CV-8863, 2020 WL 2097626, at *2 (S.D.N.Y. May 1, 2020) (quoting Fed. R. Civ. P. 15(a)(2)). While the Court "has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party . . . outright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007) (quotation marks and citations omitted); *New Amsterdam Cap. Partners, LLC v. Wilson*, No. 11-CV-9716, 2015 WL 1137576, at *2 (S.D.N.Y. Mar. 13, 2015) ("[R]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." (citation omitted)). Thus, in deciding whether to grant a motion to amend a pleading, the Court considers "(i) whether the party seeking the amendment has unduly delayed; (ii) whether that party is acting in good faith; (iii) whether the opposing party will be prejudiced; and (iv) whether the amendment will be futile." *Sandler v. Montefiore Health Sys., Inc.*, No 16-CV-2258, 2017 WL 2226599, at *2 (S.D.N.Y. May 22, 2017).

B.  Analysis

1.  Undue Prejudice, Undue Delay, Bad Faith

Undue prejudice speaks to "whether the amendment will require the opposing party to expend significant resources in discovery and whether resolution of the dispute will be delayed." *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, No. 21-CV-695, 2022 WL 1555606, at *2 (S.D.N.Y May 16, 2022) (quoting *E.E.O.C. v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002)). Further,

> [t]he degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party.

*Foster v. UPS Freight, Inc.*, No. 18-CV-10294, 2020 WL 5350446, at *5 (S.D.N.Y Sept. 4, 2020) (citing *GEM Global Yield Fund Ltd. v. SurgiLight, Inc.*, 04-CV-4451, 2006 WL 2389345, at *11 (S.D.N.Y. Aug. 17, 2006)).  The opposing party bears the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016).

Here, the Court does not find that amendment of the Complaint would cause undue prejudice to Defendants.  While Plaintiff is requesting to add a number of new factual allegations, no discovery has been conducted and Defendants' Motion To Dismiss represents the entirety of the motion practice in this Action thus far.  Courts in the Second Circuit have granted motions to amend where the parties had progressed significantly farther in the litigation.  *See, e.g., Washington v. Dewey*, No. 17-CV-1316, 2019 WL 1921939, at *2 (D. Conn. Apr. 30, 2019) ("Courts have granted motions to amend where the litigation has progressed significantly, even past discovery, on the grounds that absent a showing of prejudice, leave to amend should be freely given."); *Pall Corp. v. Entegris, Inc.*, No. 05-CV-5894, 2007 WL 9709768, at *2 (E.D.N.Y May 5, 2007) (allowing the plaintiff to amend the complaint while noting that there was no undue prejudice where "[a]t the time defendant made its motion, fact discovery had not yet closed" and "expert discovery ha[d] not begun").

As to delay, in the Second Circuit, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) ("[W]e have held repeatedly that 'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion . . . ." (citation omitted)).  Where a significant period of time has passed prior to filing a motion to amend, however, the

3

moving party must provide an explanation for the delay. *See Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) (describing burden to explain extended delay and collecting cases). The court has discretion to "deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties." *Barkai v. Nuendorf*, No. 21-CV-4060, 2022 WL 268100, at *2 (S.D.N.Y. Jan. 27, 2022).

Here, Plaintiff has explained in her Opposition that she recently began receiving assistance from the New York Legal Assistance Group's Legal Clinic in developing her factual and legal positions in this Action. (Pl's Opp'n at 1 n.1.)

Moreover, the delay is not unduly long. Plaintiff filed her Opposition on January 17, 2023—approximately six months after filing the Complaint on July 29, 2022. (*See* Compl; Pl's Opp'n.) Courts within the Second Circuit have granted motions to amend despite significantly longer delays. *See, e.g.*, *Contrera v Langer*, 314 F. Supp. 3d 562, 575 (S.D.N.Y. 2018) (allowing amendment two years after the original complaint was filed even when the plaintiffs had the knowledge of the claims they sought to add at the outset of the litigation, noting that "mere delay absent a showing of bad faith or undue prejudice does not provide a basis . . . to deny the right to amend" (alteration omitted)); *Valentini v. Citigroup, Inc.*, No. 11-CV-1355, 2013 WL 4407065, at *7 (S.D.N.Y. Aug. 16, 2013) (finding delay of eighteen months "insufficient ground to warrant denial of [a] motion to amend" where non-moving party "failed to establish bad faith or undue prejudice"); *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 98 (S.D.N.Y. 2010) (allowing amendment two and one-half years after case began and noting that "even vague or 'thin' reasons [for delay] are sufficient, in the absence of prejudice or bad faith").

Regarding bad faith, "when the opponent of an amendment asserts that the movant is acting in bad faith, there must be something more than mere delay or inadvertence for the court to refuse to allow amendment." *Primetime 24 Joint Venture v. DirecTV, Inc.*, No. 99-CV-3307, 2000 WL 426396, at *5 (S.D.N.Y. Apr. 20, 2000); *see also Blagman v. Apple, Inc.*, No. 14-CV-5453, 2014 WL 2106489, at *3 (S.D.N.Y. May 19, 2014) ("To the extent that the defendants claim that [the plaintiff's] delay was strategic, . . . they provide no showing of bad faith apart from the delay itself."); *Randolph Found. v. Duncan*, No. 00-CV-6445, 2002 WL 32862, at *3 (S.D.N.Y. Jan. 11, 2002) ("[T]he fact that a party may have had evidence to support a proposed amendment earlier in the litigation does not, by itself, give rise to an inference of bad faith."). Here, Defendants do not appear to argue that Plaintiff's Motion To Amend was made in bad faith.[1] Nor does the Court find any evidence of bad faith.

The Court therefore finds that Defendants "ha[ve] not demonstrated that [Plaintiff] has acted with undue delay, in bad faith, or with any dilatory motive. Nor ha[ve] [Defendants] established that [they] would suffer undue prejudice if [Plaintiff] is permitted to amend [her] complaint." *SBI Invs. LLC, 2014-1 v. Eventure Interactive, Inc.*, No. 17-CV-4159, 2018 WL

---

[1] Defendants also argue that the Court should deny Plaintiff's claim because it is "procedurally improper" and "informal." (Defs' Reply 8–10.) Defendants are correct that Plaintiff did not make a separate motion or attach an amended complaint, but the Court notes that Plaintiff is proceeding pro se. While "pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them[,]" *Caidor v. Onodaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (italics omitted), the Second Circuit has also directed the Court to make "reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training[,]" *id.* The cases Defendants cite are not to the contrary. *See Moore v. City of Syracuse*, No. 20-CV-1641, 2021 WL 3930730, at *11 (N.D.N.Y. Sept. 2, 2021) (denying counseled party leave to amend where informal request was made in opposition papers), *on reconsideration*, No. 20-CV-1641, 2021 WL 4972631 (N.D.N.Y. Oct. 26, 2021); *Klein v. Forster & Garbus, LLP*, No. 19-CV-6164, 2021 WL 2646334, at *5 (E.D.N.Y. June 28, 2021) (same).

5

2417847, at *5 (S.D.N.Y. May 28, 2018) (granting the plaintiff leave to file an amended complaint).

### 2. Futility

"To determine whether a proposed pleading is futile, courts analyze whether it would withstand a motion to dismiss." *Agerbrink*, 155 F. Supp. 3d at 456 (citation omitted); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." (citation omitted)). A motion for leave to file an amended pleading should not be denied on the basis of futility "unless the proposed amendment is clearly frivolous or facially insufficient . . . the court should not consider its substantive merits but should grant leave to amend and allow the opposing party to subsequently test the merits of the amendment through a dispositive motion." *Tiffany (NJ) Inc. v. eBay Inc.*, No. 04-CV-4607, 2006 WL 8461405, at *1 (S.D.N.Y. 2006). "The opposing party must establish that granting leave to amend would be futile." *Blagman*, 2014 WL 2106489, at *5 (citation omitted); *see also Sotheby's, Inc. v. Minor*, No. 08-CV-7694, 2009 WL 3444887, at *3 (S.D.N.Y. Oct. 26, 2009) (citing same principle).

In their briefing, Defendants have not moved to dismiss Plaintiff's excessive force claim, thus Defendants concede that at least one of Plaintiff's claims is potentially meritorious and this Action would proceed even if the Court granted their Motion To Dismiss in its entirety. (Defs' Mem. of Law in Supp. of Mot. To Dismiss 8 (Dkt. No. 17).) Moreover, Plaintiff has represented that she seeks to file an amended complaint to "clarify which federal law claims [she] intends to pursue" against the various Defendants, which will assist both Defendants and the Court in

assessing those claims if Defendants seek to renew their Motion To Dismiss at a later time. (Pl's Opp'n 2.)

As a result, the Court "cannot determine at this point that [ ] [P]laintiff's amendment would be futile." *Twahir v. Vill. Care of N.Y., Inc.*, No. 10-CV-9452, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011); *see also Alfadda v. Fenn*, No. 89-CV-6217, 1993 WL 307757, at *2 (S.D.N.Y. 1993) (reaching same conclusion). This is because "[w]hen amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment." *Goston v. Potter*, No. 08-CV-478, 2010 WL 4774238, at *5 (N.D.N.Y. Sept. 21, 2010), *report and recommendation adopted*, 2010 WL 4736261 (N.D.N.Y. Nov. 16, 2010) (collecting cases); *see also WIXT Television, Inc. v. Meredith Corp.*, 506 F. Supp. 1003, 1010 (N.D.N.Y. 1980) (permitting amendment given that dispute regarding merits of claim "can best be considered in the context of the motions to dismiss and for summary judgment").

Further, the fact that futility may sometimes constitute a reason for denial of a motion to amend is not a general invitation to explore the merits of proposed claims or to raise defenses that require analysis of matters outside the pleadings. The futility defense to a motion to amend is not, in short, a substitute for a motion to dismiss or a motion for summary judgment. *Livingston v. Trustco Bank*, No. 20-CV-1030, 2021 WL 6199655, at *2 (N.D.N.Y. Apr. 23, 2021).

The Court is mindful of judicial economy and preserving the parties' resources. *See In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22, 25 (E.D.N.Y. 2004) (considering "impact of granting leave on judicial economy"). The Second Circuit has noted that "[w]here a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court 'may either deny [the]

pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading.'" *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20-CV-10699, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) (quoting *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020)).  As the Second Circuit has explained, this approach "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Pettaway*, 955 F.3d at 303.  Moreover, "[w]here the proposed amendment requires leave of court, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Conopoco*, 2021 WL 2075586, at *1 (quotation marks omitted); *Sosa v. Bentis Fresh Bread Inc.*, No. 20-CV-04705, 2021 WL 4267528, at *3 (S.D.N.Y. Sept. 20, 2021) (same).  It is therefore in the interest of judicial economy for Plaintiffs to amend now rather than after a ruling on Defendants' Motion To Dismiss.

On this point, the Court is also mindful that amendment under Rule 15 is designed to afford litigants the "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Bond v. Nolan*, No. 89-CV-357, 1994 WL 132139, at *1 (S.D.N.Y. Apr. 11, 1994); *see also Kirkland-Hudson*, 2022 WL 1555606, at *3 (same).  "In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Conopoco*, 2021 WL 2075586, at *2; *see also Chan v. City of New York*, No. 19-CV-7239, 2021 WL 6502292, at *5 (E.D.N.Y. Dec. 29, 2021) (same); *In re Madison Asset LLC*, 2021 WL 1894032, at *2 (S.D.N.Y. May 11, 2021) (same).

By reason of Defendants' Motion To Dismiss, Plaintiff is on notice of the alleged deficiencies in her pleading. Plaintiff is warned that the Court will be reluctant to grant further leave to amend if Defendant successfully moves to dismiss the Second Amended Complaint. As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (alteration, quotation marks, and citations omitted); *see also Valverde v. Folks*, No. 19-CV-08080, 2020 WL 5849515, at *13 (S.D.N.Y. 2020).

## II. Conclusion

For the forgoing reasons, including "the stage of litigation, the nature of the proposed amendments, and the minimal prejudice the proposed amendments bring to bear on Defendants, Plaintiff's [Motion] to [A]mend is granted," *McCormick v. Spano*, No. 19-CV-2916, 2021 WL 6052161, at *2 (S.D.N.Y. Dec. 20, 2021), and Defendants' Motion To Dismiss is denied as moot.

Plaintiff may file an amended complaint within 30 days of the date of this Opinion & Order. Plaintiff is advised that the amended complaint will replace, not supplement, the instant Complaint, and therefore must contain all of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider. If Plaintiff fails to abide by the 30-day deadline, Defendants may renew their Motion To Dismiss without further leave of the Court.

The Clerk of Court is directed to terminate the pending motion, (Dkt. No. 15), and mail a copy of this Order to Plaintiff's address.

SO ORDERED.

Dated: September 22, 2023
      White Plains, New York

_____
KENNETH M. KARAS
United States District Judge