UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILY DOMINGUEZ,

                          Plaintiff,

-against-

THOMAS E. WALSH, II, DEIDRE SMITH,
a/k/a DEIDRE SMITH WITHERS,
CONNOR FITZGERALD, AND
ROCKLAND COUNTY, NEW YORK.

                          Defendants.

**Docket No.:**
22-CV-6443 (KMK)

**(PROPOSED) CONFIDENTIALITY**
**STIPULATION AND ORDER**

    **WHEREAS**, the parties to the above-captioned action anticipate that discovery will include information which is sensitive, confidential and/or personal in nature; and in the interest of protecting confidential information while at the same time permitting discovery to proceed without delay occasioned by disputes regarding such information; and

    **WHEREAS**, the parties have agreed to protect information subject to this Confidentiality Stipulation from disclosure or use in any other litigation or activity, or for any purpose other than that listed herein;

    **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by, between and among the undersigned counsel for the parties herein, as follows:

    1.    The parties hereby stipulate and agree that the term "Confidential Information" shall mean and the following is considered "Confidential Information": (i) confidential, personal, or otherwise sensitive or identifying information concerning Defendants, including but not limited to identifying information concerning Defendants which are present or former law enforcement officers; (ii) internal information concerning Defendants' internal policies, practices, or

procedures; (iii) financial and tax information concerning Plaintiff; (iv) information contained within Plaintiff's medical records; and (v) such other documents produced by any of the parties which are separately and in good faith marked (*i.e.*, stamped) as "Confidential."

2.  This Confidentiality Order applies to information, documents, testimony and things subject to discovery in this proceeding, be it through depositions, interrogatories, document production or any other discovery device pursuant to the Federal Rules of Civil Procedure, which contain non-public, confidential information designated as "Confidential" pursuant to the terms of this Order (collectively referred to herein as "Protected Materials").

3.  Each party that produces or discloses any Protected Materials may designate the same as "Confidential" any information that contains Confidential Information as defined in paragraph 1 above.

4.  Confidential Information shall be used or disclosed solely in this action and in accordance with the provisions of this Stipulation. Confidential Information shall not be used in any other litigation, for any other purpose, or disclosed or made available to any person or entity who is not expressly authorized to review same under the terms and conditions of this Stipulation, except (a) with consent of the producing party, or (b) in accordance with an Order of the Court. The limitations of disclosure of Confidential Information apply to both the parties and their respective counsel.

5.  Confidential Information may be disclosed to the Court in connection with any filing or proceeding in this action, but the disclosing party shall move the Court, pursuant to the SDNY Electronic Case Filing Rules & Instructions, Section 6. Sealed Documents, for leave to file under seal said documents deemed confidential. The parties hereby agree that any such Confidential Information shall be kept under seal unless and until the Court directs otherwise.

6. Any deposition testimony given in this action or any portion thereof, or any deposition exhibits or any portion thereof, relating to Confidential Information shall be included within the terms of this Stipulation. If a deposition or any part thereof, or any exhibit thereto, contains or refers to Confidential Information, the deposition transcript and exhibits shall be kept on a confidential basis and if filed with the Court, shall be filed in accordance with this Stipulation.

7. Other than Court personnel (including Court stenographers), commercial photocopying, printing or demonstrate evidence preparation firms, or the like, access to Confidential Information shall be limited to:

(a) Parties and appropriate representatives of the parties, including their attorneys, but only to the extent that such persons are actively involved in this action and have a legitimate need to review the particular Confidential Information.

(b) Counsel of record for the respective parties and employees and staff of said counsel.

(c) Other counsel for the respective parties, and their employees and staff, who may assist in the prosecution or defense of this action.

(d) Experts and consultants (including independent experts) which a party or its counsel may employ, retain, or otherwise consult to analyze data, conduct studies, or provide opinions to assist, in any way, provided that access to Confidential Information by such experts and consultants shall be limited to information that, in the reasonable opinion of such party or its counsel, the experts or consultants reasonably need to review in their roles as experts or consultants.

(e) Any person indicated within the material designated "Confidential" to be its originator, author or a recipient of a copy thereof may be shown the same.

8. Counsel shall inform each person to whom they disclose or give access to any Confidential Information pursuant to the terms of paragraph 5 hereof, while also notifying them

of the obligation to comply with its terms.

9. Nothing in this Stipulation shall preclude any party or its representative from discussing with any other person the progress, theories, or legal strategies applicable in this action, as long as the contents of the Confidential Information are not disclosed. Other than by Court Order, Confidential Information may be disclosed only in accordance with this Stipulation.

10. Nothing in this Stipulation shall preclude any party or its representative from challenging the designation of any document or documents as "Confidential." If the non-designating party objects to the designating party's designation of particular material or documents as "Confidential," the non-designating party shall so advise the designating party. If the parties cannot concur regarding whether a document should or should not be marked "Confidential," then any party may move the Court for an Order lifting such designation, but must file such application within fourteen (14) calendar days of the parties' good faith inability to resolve the objection. Documents designated as "Confidential" shall continue to be treated as such until a contrary determination is made by written agreement of counsel or by Order of the Court.

11. Nothing in this Order constitutes an admission or agreement that any documents or information is subject to discovery or is admissible as evidence in this case, and nothing in this Consent Order shall be construed to prohibit or limit the parties' attorneys from seeking to mark or introduce Confidential Information at any deposition taken in, or at the trial of, this action.

12. Counsel for the receiving party shall notify counsel for the producing party in writing within five (5) business days after becoming aware of any loss, theft, or unauthorized copying or disclosure of Protected Materials, and shall take all steps reasonably necessary and available to retrieve such Protected Materials and prevent any further unauthorized access or dissemination.

13. Within sixty (60) calendar days of the termination of this action by settlement or by judgment and the expiration of any and all appeals, all parties shall return to counsel for the producing party all Confidential Information received from such party including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of any such Confidential Information, parties may certify to counsel for the producing party that they have shredded all unreturned Confidential Information. Notwithstanding the foregoing, counsel for each party may retain pleadings, briefs, memoranda, motions, discovery, and other documents filed with the Court that refer to or incorporate Confidential Information.

14. This Stipulation and the agreements embodied herein shall survive the termination of this action and shall continue in full force and effect.

15. This Stipulation does not preclude any party from moving to have any other information or material designated as protected in accordance with the rules of the Court. Any such additional information or material designated by the Court as protected shall be treated as Confidential Information pursuant to the terms of this Stipulation.

16. This Stipulation is entered into without prejudice to the right or any party to seek additional protections if it believes the protections of this Order are not applicable or are inadequate. Nothing herein precludes any producing party from seeking such different or additional protection.

17. This Stipulation shall be fully binding on and enforceable against the parties hereto and their undersigned counsel, as well as any successor counsel appearing in this litigation.

Dated: May 20, 2024

Nathaniel B. Smith  
*Attorneys for Plaintiff*

s/ *Nathaniel B. Smith*  
Nathaniel B. Smith  
225 Broadway – Suite 1901  
New York, New York 10007  
212-227-7062  
natbsmith@gmail.com

HARRIS BEACH, PLLC  
*Attorneys for Defendants*

/s/ *Darius P. Chafizadeh*  
Darius P. Chafizadeh  
Mathew T. Dudley  
445 Hamilton Avenue, Suite 1206  
White Plains, New York 10601  
(914) 683-1200  
dchafizadeh@harrisbeach.com  
mdudley@harrisbeach.com

SO ORDERED:

_____  
KENNETH M. KARAS, U.S.D.J.  
5/29/24

-6-