**MEMO ENDORSED**

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

December 20, 2024

445 HAMILTON AVENUE, SUITE 1206
WHITE PLAINS, NY 10601
(914) 683-1200

**VIA ECF FILING**

**DARIUS P. CHAFIZADEH**
PARTNER
DIRECT:  (914) 683-1212
FAX:      (914) 683-1210
DCHAFIZADEH@HARRISBEACH.COM

Hon. Victoria Reznik
U.S. Magistrate Judge, SDNY
300 Quarropas Street, Room 533
White Plains, New York 10601

Re:    *Dominguez v. Walsh* - Case No. 7:22-cv-06443-KMK

Dear Judge Reznik:

This firm represents Defendants, Rockland County District Attorney Thomas E. Walsh, II, Rockland County District Attorney's Office ("RCDAO") Investigator Deirdre Smith Withers, RCDAO Investigator Conor Fitzgerald and Rockland County (collectively, "Defendants") in this action.  We write to (a) respond to Plaintiff's counsel's letter dated December 18, 2024 (*see* D.E. #77), which seeks to compel the production of Defendants' expert "IME report," and (b) request that Your Honor order that Plaintiff produce her Rule 26 expert disclosure on or before January 1, 2025.

Production of Dr. Chernoff's Report

Defendants' expert orthopedic surgeon, Marc Chernoff, M.D., conducted a medical examination of Plaintiff on November 6, 2024 pursuant to agreement between the parties.  Since then, Dr. Chernoff has provided this office a 12-page report, which includes: (1) a summary of Dr. Chernoff's interview of Plaintiff at his office (pp. 1-2); (2) a summary of his medical examination of Plaintiff (p. 3); (3) a summary of his review of Plaintiff's medical records (to the extent we received same via HIPAA authorizations) (pp. 3-10); (4) his diagnostic impression of Plaintiff (p. 10); and (5) a "discussion" in which he provides his expert opinion regarding causation and damages (pp. 10-12).

While Plaintiff's counsel cites in his letter legal authority from other federal circuits that is not binding on this Court, we have conducted independent research regarding the interplay of FRCP Rule 26(a)(2) and Rule 35(b).  Based on that research, we agree that at least some portions of Dr. Chernoff's report are discoverable to Plaintiff prior to Defendants producing their Rule 26 expert disclosure.  Thus, although Defendants initially objected to Plaintiff's demand for a copy of Dr. Chernoff's "IME Report," Defendants now agree to produce a copy of that report and are producing the report today.  This renders Plaintiff's motion to compel moot.

Production of Plaintiff's Rule 26 Expert Disclosure

As discussed at the conference held before Your Honor on December 16, 2024, the initial case management and scheduling order in this action directed that Plaintiff's expert disclosure(s) be made approximately 30 days in advance of Defendants' expert disclosure(s).  *See* D.E. #43.  On December 17, 2024, Judge Karas denied the parties' request to extend the current expert discovery

Page 2 - Hon. Victoria Reznik – December 20, 2024

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

deadline (*see* D.E. #76), and thus, expert discovery is due to be closed on January 15, 2025. *See* D.E. #65.

Although Defendants have now agreed to produce Dr. Chernoff's expert report to Plaintiff prior to Plaintiff producing her Rule 26 expert disclosure, Dr. Chernoff's report is intended to be a "rebuttal report" because it "is intended solely to contradict or rebut evidence on the same subject matter identified by [Plaintiff]," *i.e.*, causation and the extent of Plaintiff's injuries. As argued during the conference, the disclosure of Dr. Chernoff's report now, before Plaintiff's expert disclosure, effectively permits Plaintiff to submit a "rebuttal report" rather than Defendants.

Thus, to allow time for Defendants to submit any additional expert opinion to rebut Plaintiff's expert's opinion, Defendants respectfully request that Your Honor order that Plaintiff's Rule 26 expert disclosure be made on or before January 1, 2025, two weeks prior to the close of expert discovery in this action. Although Plaintiff has not been in possession of a copy of Dr. Chernoff's "IME Report" until today, Plaintiff has been in possession of (or could have obtained on her own or through counsel) relevant medical records for her expert to review, and Plaintiff's expert could also have independently examined Plaintiff (and perhaps he already did so). There is no valid reason why Plaintiff's expert disclosure should not be produced on or before January 1, 2025, to allow time for Dr. Chernoff to review same and provide any expert opinion to rebut the evidence/opinion offered by Plaintiff's expert.

RESPECTFULLY SUBMITTED,

/s/ *Darius P. Chafizadeh*

DARIUS P. CHAFIZADEH

cc:    All registered parties (via ECF)

Defendants' request is **GRANTED** to the extent that Plaintiff is directed to produce her Rule 26 expert disclosure by no later than **1/3/2025**.

Plaintiff's motion to compel production of the IME report is denied as moot. The Clerk of Court is kindly directed to close the gavel associated with ECF No. 77.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 12/20/2024