UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILY DOMINGUEZ,

*Plaintiff*,

v.

THOMAS WALSH, II, DEIRDRE SMITH *a/k/a* DEIRDRE SMITH WITHERS, CONOR FITZGERALD, *and* ROCKLAND COUNTY, NEW YORK,

*Defendants*.

No. 22-CV-6443 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On September 30, 2026, the Court issued an Opinion and Order under seal resolving Defendants' Motion for Partial Summary Judgment. *See Dominguez v. Walsh et al.*, No. 22-CV-6443, (S.D.N.Y. Sept. 30, 2026) (Dkt. No. 108) ("September 30 Opinion"). On October 27, 2026, Defendants submitted proposed redactions to permit its public filing. (*See* Defs.' Proposed Redactions to Sept. 30 Opinion (Dkt. No. 109).) The request was unopposed. For the reasons explained below, Defendants' request is granted in part. The Court will make the according modifications described below before publicly filing the redacted version of the September 30 Opinion.

## I. DISCUSSION

### A. Governing Law

Under the First Amendment, the public has a strong presumptive right of access to certain judicial documents, as well as a weaker presumptive right to all judicial documents under common

law. *See Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013); *see also United States v. Amodeo*, 71 F.3d 1044, 1047–49 (2d Cir. 1995) ("*Amodeo II*").

This presumption of access is particularly strong for documents used to adjudicate substantive rights. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (explaining that the presumption of access is "at its zenith" where documents are used to determine substantive legal rights); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) (similar). Where the First Amendment right of access applies, sealing must be "essential to preserve higher values and [] narrowly tailored to serve that interest." *Bernstein*, 814 F.3d at 144.

One such interest is preserving grand jury secrecy. New York law generally prohibits certain participants from disclosing the "nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding." N.Y. Crim. Proc. Law § 190.25(4)(a). Thus, New York courts recognize a "strong presumption of confidentiality" over state grand jury proceedings. *People v. DeFreitas*, 201 A.D.3d 945–46 (2d Dep't 2022).

B. Application

The Court finds that the interest in preserving the confidentiality of grand jury proceedings outweighs the public's right to access the information covered by the redactions approved herein.

This Action arises from Plaintiff's allegations that Defendants improperly investigated and prosecuted her for election law violations in retaliation for her political activities. (*See* Fourth Am. Compl. 1–2 (Dkt. No. 85).) In resolving Defendants' Motion for Partial Summary Judgment, the Court discussed investigative materials, including subpoenas, testimony, and evidence related to state grand jury proceedings. (*See generally* September 30 Opinion.) Defendants propose

redacting portions of these discussions that Defendants' counsel believes reveal the nature or substance of those confidential proceedings.

The Court finds that the proposed redactions it approves are necessary to protect "the nature or substance" of grand jury testimony and evidence from disclosure while preserving public access to the Court's reasoning. *See* N.Y. Crim. Proc. Law § 190.25(4)(a); *see also United States v. Skelos*, No. 15-CR-317, 2015 WL 6159326, at *9 (S.D.N.Y. Oct. 20, 2015) (provisions governing grand jury secrecy "are intended to protect against [] disclosure[s] that would reveal some secret aspect of the inner workings of the grand jury" (internal quotation marks omitted)). However, some of the proposed redactions are not necessary to protect that interest. Specifically, the dates on which the grand jury proceedings began and concluded do not alone disclose the nature or substance of grand jury proceedings. (*See* September 30 Opinion 17–18). *See also In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir. 1990) ("[D]isclosure of the commencement and termination dates of the grand jury does not disclose the essence of what took place in the grand jury room."). Nor does introductory language identifying the proceedings or the general subject of the Court's discussion disclose confidential testimony or evidence. (*See* September 30 Opinion 59). *See also Skelos*, 2015 WL 6159326, at *9. The Court therefore declines to adopt those redactions.

## II. CONCLUSION

Accordingly, Defendants' request is granted in part. The Court will publicly file the September 30 Opinion with the modified redactions, which are "essential to preserve higher values" and "narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 124.

SO ORDERED.

DATED: November 2, 2026
White Plains, New York

Kenneth M. Karas
United States District Judge